**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Jo Keller, et al. | |
|   Plaintiffs, | No. CV-11-02345-PHX-PGR |
| vs. | |
| The United States of America, | ORDER |
|   Defendant. | |

Pending before the Court is defendant United States' Motion to Dismiss (Doc. 15), filed pursuant to Fed.R.Civ.P. 12(b)(1). Having reviewed the parties' memoranda, the Court finds that this action should be dismissed for lack of subject matter jurisdiction.[1]

Background

This Federal Tort Claims Act case, commenced on August 26, 2011, arises from an automobile accident on September 7, 2007 in which Amanda Keller was killed when her vehicle crossed the median of Interstate 10 through an allegedly defective median cable barrier and collided with an oncoming vehicle. The plaintiffs,

---

[1] Although the plaintiffs have requested a hearing on the pending motion, the Court concludes that oral argument would not aid the decisional process.

Mary Jo Keller, Amanda's surviving mother for purposes of Arizona's Wrongful Death Act, A.R.S. § 12-611, and the Estate of Amanda Keller, through Mary Jo Keller as Amanda's personal representative for purposes of a survival action under A.R.S. § 12-3110 (collectively "Keller"), filed a First Amended Complaint on October 11, 2011; the amended complaint raises a claim for negligence, which alleges that the United States negligently failed to comply with its own policies and federal law mandating that safety barriers installed on National Highway System roadways undergo crash testing and approval pursuant to the National Cooperative Highway Research Project Report 350, and a claim for negligence per se, which alleges that the United States violated its own federally mandated safety rules and regulations.

Discussion

The United States has moved in part to dismiss this action in its entirety for lack of subject matter jurisdiction on the ground that both claims raised in the First Amended Complaint are time-barred because Keller did not present the administrative claims required by the FTCA to the Federal Highway Administration until December 16, 2010, which the United States contends was more than two years after Keller's tort claims accrued.[2] The FTCA's statute of limitations provides that

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

---

[2] The Court notes that it is reaching only those arguments raised by the parties that it considers necessary to the resolution of the pending motion. For that reason, the Court does not reach the United States' alternative contention that this action must be dismissed because the Federal Aid Highway Act does not provide for a private cause of action, which is an issue Keller simply ignores in her response.

28 U.S.C. § 1401(b). The Supreme Court has made it clear that courts are not free to construe § 2401(b) "so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." United States v. Kubrick, 444 U.S. 111, 117 (1979); Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir.1995) (FTCA's waiver of sovereign immunity must be strictly construed in favor of the United States.)

As an initial matter, the Court rejects Keller's argument, made without citation to any supporting case law, that this action was timely filed as a matter of law regardless of when the administrative claims were presented to the federal agency because it is undisputed that it was commenced within six months after the administrative claims were denied on March 18, 2011. Keller's contention, which is that a FTCA action is timely if a claim is either submitted to the federal agency within two years of its accrual or if the action is begun within six months of the agency's final denial because § 2401(b) is written in the disjunctive, has been specifically rejected by the Ninth Circuit, and by every other circuit that has considered the contention. *See* Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir.1984) ("Section 2401(b) establishes two jurisdictional hurdles. A claim must be filed with the agency within two years of the claim's accrual, and the claimant must file suit within six months of administrative denial of the claim. If either requirement is not met, suit will be time barred."); *accord*, Ellison v. United States, 531 F.3d 359, 361-63 (6th Cir. 2008)(Court concluded that although § 2401(b) is written in the disjunctive, it is properly construed to mean that a FTCA claim is time-barred if the claimant fails to meet either of the two limitations periods.); Houston v. U.S. Postal Service, 823 F.2d 896, 902 (5th Cir.1987) ("Though phrased in the disjunctive, the statute [§ 2401(b)] requires a claimant to file an administrative claim within two years *and* file suit within six months of its denial.") (emphasis in original), *cert. denied*, 485

1  U.S. 1006 (1988); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir.1980) (en banc) ("Though [§ 2401(b)] is not happily drafted, common sense and legislative history tell us that it requires the claimant both to file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim.")

Since the Court concludes that both limitations periods of § 2401(b) must be met, the determinative issue here is when this action accrued for purposes of the two-year limitations rule of § 2401(b), which is an issue on which the parties disagree. The United States argues, and the Court concurs, that the accrual date for both claims raised in the First Amended complaint was September 7, 2007, the date of the accident.

With regards to the timeliness of the survival claim brought by Amanda Keller's estate, Keller, without citing to any FTCA-based supportive case law, argues that because under Arizona law an estate can only take action through a personal representative, the estate's survival claim accrued either on July 16, 2009, when Amanda Keller's estate was created under Arizona law, or on July 28, 2009, when Mary Jo Keller was appointed as the personal representative; she asserts that either accrual date would have made her administrative claims filed on December 16, 2010 timely. Keller contends that because the creation of the estate and her appointment as personal representative complied with the timeliness requirements of Arizona law, then "under Arizona law, any statute of limitations were tolled until July, 2009." Given that the FTCA's statute of limitations must be strictly construed, the Court cannot agree with Keller.

For purposes of § 2401(b), the date of accrual is determined solely by federal law, not Arizona law. Bartleson v. United States, 96 F.3d 1270, 1276 and n.4 (9th Cir.

1996) ("The date on which an FTCA claim accrues is determined by federal law. ... We have found no authority to indicate there are any situations in which federal law does not govern the accrual of an FTCA claim."); Washington v. United States, 769 F.2d 1436, 1438 (9th Cir.1985) ("The FTCA provides for a two-year statute of limitations after a claim accrues. 28 U.S.C. § 2401(b). The date on which a claim accrues is determined by federal law."); Poindexter v. United States, 647 F.2d 34, 36 (9th Cir.1981) ("It is long settled ... that the statute of limitations in the FTCA, 28 U.S.C. § 2401, governs in FTCA actions, even when the state period of limitations is longer or shorter.)  The controlling federal law mandates that tolling and other provisions of state law regulating when an action may be brought are ineffective to extend § 2401(b)'s strict two-year limitations period.[3]

---

[3] To the extent that there is an issue regarding Keller's ability to submit a FTCA administrative claim on behalf of Amanda Keller's estate, the crux of the issue is not whether Keller had the legal authority under Arizona's probate administration laws to do so prior to being appointed personal representative, but rather whether federal law foreclosed Keller from submitting an administrative claim for FTCA purposes within two years of the accident, an issue which Keller does not address. The Court concludes that Keller, as Amanda Keller's mother, was not foreclosed from timely submitting the required administrative claim prior to her appointment as personal representative inasmuch as the Ninth Circuit has recognized that a claimant's parent has the legal authority to present a claim for FTCA purposes notwithstanding that the parent has not been formally appointed under state law as the claimant's legal representative. Cf. Avila v. Immigration and Naturalization Service, 731 F.2d 616, 619 (9th Cir.1984) (Court concluded an administrative claim was validly submitted for FTCA purposes notwithstanding that it was signed and submitted by a father on behalf of his adult incompetent son without the father having been appointed his son's conservator and it was not accompanied by any written authorization entitling the father to act for his son.)

Furthermore, as the United States correctly notes, under Arizona law Keller could have submitted a timely administrative claim prior to her appointment as personal representative. See A.R.S. § 14-3108 (Provides in part that "[t]he powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as

Under the governing federal law, ordinary tort claims, which the negligence and negligence per se claims here must be considered to be, accrue for FTCA purposes when the plaintiff knows of his or her injury and the immediate physical cause of the injury. Dyniewicz, 742 F.2d at 486; *accord*, Hensley v. United States, 531 F.3d 1052, 1057 (9th Cir.2008), *cert. denied*, 129 S.Ct. 2432 (2009). In this case, there is no dispute that the fact of Amanda Keller's death and the immediate physical cause of her death, *i.e.* that the vehicle in which she was an occupant crossed the roadway median through a cable barrier and crashed into an oncoming vehicle, were known at the time of the accident. The date of the accident is therefore the date of accrual as a matter of law. Dyniewicz, at 486-87 (Case involved a FTCA-based wrongful death action brought in part by the personal representative of the estates of two decedents who were killed when a flood swept their car off a highway in Hawaii; the plaintiffs learned more than two years after the accident that the negligence of National Park Service rangers might have been a cause of the accident. In affirming the dismissal of the case as time-barred because the administrative claim was not submitted within two years of accrual, the court concluded that for accrual purposes the plaintiffs knew both the fact of injury and its immediate physical cause, the flooded highway, at the time of the discovery of the decedents' bodies, and the plaintiffs' ignorance at that time of the involvement of federal employees was irrelevant.)

While conceding that "[f]ederal case law defining accrual for purposes of the

---

those occurring thereafter. ... A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative.")

Keller, in any case, could have timely submitted the administrative claim even after her appointment as personal representative since the appointment occurred less than two years after the accident.

FTCA essentially adopts an injury rule of accrual[,]" Keller argues that the administrative claim for her wrongful death claim was timely submitted if the Court applies the doctrine of equitable tolling to her. The Court concludes that it is not authorized to do so. While the Court is aware that there is a circuit split as to whether the time limits of § 2401(b) constitute a jurisdictional bar and that a credible argument can be made that the Supreme Court may eventually conclude that the statute is not jurisdictional in nature and is subject to equitable tolling, the Supreme Court has not yet specifically addressed the issue and the current and controlling position of the Ninth Circuit is clearly that the "statute of limitations in § 2401(b) is jurisdictional and that the failure to file a claim within that time period deprives the federal courts of jurisdiction. Accordingly, the doctrines of equitable estoppel and equitable tolling do not apply.") [4] Marley v. United States, 567 F.3d 1030, 1038 (9th Cir.2009) (Case involved the six month limitations period of § 2401(b)), *cert. denied*,

---

[4] The Court is aware that the same arguments raised by Keller concerning the availability of equitable tolling to the FTCA's statute of limitations, as well as other arguments raised by Keller in this action, are currently on appeal before the Ninth Circuit is a companion case to this one: June v. United States, Ninth Circuit No. 11-17776 (Case involves a similar fatal accident involving a crash through Interstate 10's cable barrier which was dismissed with prejudice for lack of jurisdiction because the administrative claims required by the FTCA were not timely presented to the Federal Highway Administration.) The Court is also aware that another judge of this district has recently determined in a similar ongoing cable barrier case that the FTCA's statute of limitations is a non-jurisdictional claim processing rule. Dunlap v. United States, CV 11-01360-PHX-FJM (Order denying the United States' Rule 12(b)(1) motion to dismiss, entered on February 16, 2012).

To the extent that Keller is arguing that the statute of limitations should be tolled because the United States fraudulently concealed its involvement with the allegedly negligent design of the median cable barrier, the Court concludes that the allegations of the First Amended complaint, taken as true, are insufficient under the Twombly/Iqbal standard to show that the United States, after the date of the accident, engaged in any fraudulent concealment, misconduct, or trickery that lulled Keller into letting her rights lapse.

130 S.Ct. 796 (2009); *accord*, <u>Adams v. United States</u>, 658 F.3d 928, 933 (9th Cir.2011) ("The FTCA's statute of limitations is jurisdictional and not subject to equitable tolling or estoppel. ... Thus, FTCA claimants must strictly adhere to the statute of limitations or lose the right to invoke federal jurisdiction.") (Case involved the six month limitations period of § 2401(b)); <u>Banares v. Demore</u>, 417 Fed.Appx. 638, 2011 WL 703108, at *1 (9th Cir. Feb. 18, 2011) (Case involved the two-year limitations period of § 2401(b)). Because the Court concludes as a matter of law that Keller failed to timely present her administrative claims as required by § 2401(b), federal subject matter jurisdiction does not exist over this action. Therefore,

IT IS ORDERED that the United States' Motion to Dismiss (Doc. 15) is granted pursuant to Fed.R.Civ.P. 12(b)(1) and that this action is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly.

DATED this 18th day of July, 2012.

Paul G. Rosenblatt
United States District Judge