**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Jo Keller, et al., | |
| Plaintiffs, | No. CV-11-02345-PHX-PGR |
| vs. | ORDER ON PENDING MOTIONS |
| United States of America, | AND LIMITED SCHEDULING |
| Defendant. | ORDER |

Pending before the Court are Defendant United States' Motion to Dismiss (Doc. 39), filed pursuant to Fed.R.Civ.P. 12(b)(6), and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 44), filed pursuant to Fed.R.Civ.P. 15(a). Having considered the parties' memoranda, the Court finds that the motion to dismiss should be denied and that the motion to amend should be granted.

Background

This Federal Tort Claims Act case, commenced on August 26, 2011, arises from an automobile accident on September 7, 2007 in which Amanda Keller was killed when the vehicle in which she was an occupant crossed the median of Interstate 10 through an allegedly defective median cable barrier and collided with an oncoming vehicle. The First Amended Complaint, filed on October 11, 2011 by

Mary Jo Keller, both as Amanda's surviving mother and as the personal representative of Amanda's estate, raised a claim for negligence, which alleged that the United States negligently failed to comply with its own policies and federal law mandating that safety barriers installed on National Highway System roadways undergo crash testing and approval pursuant to the National Cooperative Highway Research Project Report 350, and a claim for negligence per se, which alleged that the United States violated its own federally mandated safety rules and regulations. The amended complaint further alleged that this action was timely filed pursuant to the doctrine of equitable tolling. The gist of Keller's tolling-related position is that she was prevented from timely learning that the United States might have liability for the design of the allegedly unsafe cable barrier because the United States refused to permit federal employees knowledgeable about the crashworthiness of the barrier to be deposed. Keller contends that the FTCA's limitations period was tolled through April 28, 2009, which is when some Federal Highway Administration employees were deposed in a similar case and it was learned that the cable barrier had not been properly crash-tested.

The United States moved in December 2011 to dismiss this action in its entirety for lack of subject matter jurisdiction on the ground that both claims raised in the First Amended Complaint were time-barred pursuant to 28 U.S.C. § 2401(b) because the administrative claims required by the FTCA were not presented to the Federal Highway Administration until mid-December 2010, which the United States contended was more than two years after the tort claims accrued.[1] In her response,

---

[1] Pursuant to § 2401(b), a tort claim against the United States "shall forever be barred" unless the FTCA claimant meets two deadlines: first, a claim must be presented to the appropriate federal agency for administrative review with two years after the claim accrues; and second, if the agency denies the administrative

Keller argued that the administrative claim was timely submitted because the doctrine of equitable tolling applied to § 2401(b)'s limitations period and tolled the claim period until the end of April 2009. The Court, determining that Keller's claim accrued as of the date of the accident in September 2007, granted the United States' motion and dismissed this action for lack subject matter jurisdiction on the basis that it was time-barred. In so doing, the Court relied on then governing Ninth Circuit precedent which held that the statute of limitations in § 2401(b) was jurisdictional and was therefore not subject to equitable tolling.

Subsequent to Keller's appeal of the Court's judgment of dismissal, which the Ninth Circuit stayed pending the Supreme Court's resolution of a consolidated appeal involving the jurisdictional nature of the FTCA statute of limitations, the Supreme Court, in United States v. Wong, 135 S.Ct. 1625 (2015), held that § 2401(b)'s time limits were not jurisdictional and were subject to equitable tolling. In September 2015, the Ninth Circuit issued its mandate remanding this action "for further consideration and proceedings consistent with the Supreme Court's decision in United States v. Wong[.]" The Court thereupon vacated its prior order and judgment of dismissal and reinstated this action.

On March 8, 2016, the United States filed its pending motion to dismiss. On March 29, 2016, Keller filed her pending motion for leave to file a second amended complaint, wherein she solely seeks to include additional allegations related to the equitable tolling of § 2401(b)'s two-year claim limit, and to remove the allegations related to Amanda's estate. The proposed amended complaint retains the negligence and negligence per se claims by Keller as Amanda's surviving mother.

---

claim, any federal suit by the claimant must be filed within six months of the agency's denial of the claim. Only the first deadline is at issue in this action.

Discussion

In its motion to dismiss, and in its opposition to Keller's motion to amend, the United States requests that the Court find that equitable tolling does not apply to Keller's claims and that the United States is entitled to judgment as a matter of law because Keller's FTCA claim was not submitted to the Federal Highway Administration within the two-year limitations period mandated by § 2401(b). The Court declines to resolve the equitable tolling issue as a matter of law at this stage of the proceedings.

The Court determined as a matter of law in its first opinion (Doc. 21), and reiterates that determination here, that Keller's survivorship claims accrued for FTCA purposes on September 7, 2007, the date of the accident. For that reason, Keller's administrative claim of December 16, 2010 was untimely filed unless the expiration of the limitations period was tolled to within two years of the claim-filing deadline. The gist of the United States' motion to dismiss, which is directed at the First Amended Complaint, and of its futility-based opposition to Keller's motion for leave to file a second amended complaint, is that Keller cannot invoke equitable tolling because the facts she has alleged and proposes to amend related to misconduct by the United States are legally insufficient to invoke equitable tolling.

With regard to the motion to dismiss, the Ninth Circuit has stated that "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue" since "[g]enerally, the applicability of equitable tolling depends on matters outside the pleadings[.]" Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir.2006); Hernandez v. City of El Monte, 138 F.3d 393, 402 (9th Cir.1998) (same). For that reason, the Ninth Circuit has also stated that "[d]ismissal on statute of limitations grounds can be granted

pursuant to Fed.R.Civ.P. 12(b)(6) only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir.1999).  District courts within the Ninth Circuit have continued use these equitable tolling-related standards in the aftermath of Twombly and Iqbal.  *See* Champlaie v. BAC Home Loans Servicing, LP, 706 F.Supp.2d 1029, 1053 (E.D.Cal.2009) (Court noted that the Twombly and Iqbal decisions do not provide a reason to revisit the Ninth Circuit standard regarding Rule 12(b)(6) motions when equitable tolling is alleged); *see also*, Nichols v. First American Title Ins. Co., 2013 WL 841211, at *1 (D.Ariz. March 6, 2013).

With regard to the futility of the motion to amend, the Ninth Circuit has stated that Fed.R.Civ.P. 15(a)'s policy that leave to amend must be "freely given when justice so requires," Foman v. Davis, 371 U.S. 178, 182 (1962), must be applied with "extreme liberality," Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 709 (9th Cir.2001), and that a proposed amendment is futile for purposes of Rule 15(a) "only if no set of facts can be proven under the amendment ... that would constitute a valid and sufficient claim[.]" Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997). It has also stated that this making this determination, the Court must resolve all inferences in favor of granting the motion to amend. Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir.1999).

While the United States may very well be correct that Keller will not be able to meet both of the two factors necessary to the invocation of equitable tolling, *i.e.*, that she pursued her rights diligently and that some extraordinary circumstances prevented her from timely submitting an administrative claim, the Court concludes that Keller should have the opportunity to make the necessary showing because the factual allegations of the proposed second amended complaint are at least

marginally sufficient to show the potential application of the equitable tolling doctrine. The parties proposed in their Joint Case Management Plan, filed on March 7, 2016, that they be allowed to conduct limited discovery related to the equitable tolling issue and then have the issue resolved through summary judgment prior to litigating the merits of Keller's negligence claims.  The Court agrees that resolution through summary judgment is the more appropriate method for determining whether § 2401(b)'s two-year limitations period should be equitably tolled under the circumstances of this action.  The Court further agrees that the issue of equitable tolling should be resolved before the merits of Keller's negligence claims are litigated.

Because the Court concludes that a scheduling conference is not necessary given the limited nature of the requested pretrial schedule, the Court will incorporate its equitable tolling-related schedule into this order.  Therefore,

IT IS ORDERED that Defendant United States' Motion to Dismiss (Doc. 39) is denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 44) is granted.  Plaintiff Mary Jo Keller shall file her second amended complaint no later than **July 8, 2016**.[2]

IT IS FURTHER ORDERED that Plaintiffs' Motion to Extend Deadline for Filing Response to Defendant's Motion to Dismiss (Doc. 45) is denied as moot.

IT IS FURTHER ORDERED that a limited scheduling order is entered as follows:

---

[2] The caption of the second amended complaint, as well as those of all future documents filed in this action, must comply with the party name capitalization rule of LRCiv 7.1(a)(3).

- 6 -

(1) Initial disclosure statements related to the issue of equitable tolling shall be served by **July 29, 2016**;

(2) All discovery related to the issue of equitable tolling shall be served by **October 28, 2016**;

(3) Plaintiff Mary Jo Keller shall file her summary judgment motion related to the issue of equitable tolling no later than **December 30, 2016**; defendant United States, if it so desires, may file a cross-motion for summary judgment on the issue of equitable tolling together with its response to the plaintiff's summary judgment motion.

DATED this 28th day of June, 2016.

Paul G. Rosenblatt
United States District Judge