**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Jo Keller,<br><br>    Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>    Defendant. | No. CV-11-02345-PHX-PGR<br><br>ORDER |

Pending before the Court is Defendant United States' Motion for Summary Judgment (Doc. 58), wherein the United States seeks to have this action dismissed as time-barred. Having considered the parties' memoranda in light of the relevant evidence of record, the Court finds that there is no genuine dispute as to any material fact and that the United States is entitled judgment in its favor as a matter of law pursuant to Fed.R.Civ.P. 56.[1]

---

[1] Although the plaintiff has requested oral argument, the Court concludes that no oral argument is necessary because the parties have had an adequate opportunity to provide the Court with evidence and legal memoranda and oral argument would not aid the decisional process. Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998).

The Court notes that it discusses herein only those arguments raised by the parties that the Court deems necessary for the resolution of the instant motion.

Background

This Federal Tort Claims Act case, commenced on August 26, 2011, arises from an automobile accident in Maricopa County, Arizona on September 7, 2007 in which Amanda Keller, the daughter of plaintiff Mary Jo Keller ("Keller"), was killed when her vehicle crossed the median of Interstate 10 through an allegedly defective three-cable median barrier and collided with an oncoming vehicle.

The Court initially dismissed this action for lack of subject matter jurisdiction on July 18, 2012, on the ground that it was time-barred because Keller did not present her administrative claims required by the FTCA to the Federal Highway Administration ("FHWA") until December 16, 2010, which was some fifteen months after the expiration of two-year statute of limitations of 28 U.S.C. § 2401(b).[2] Section 2401(b) provides in relevant part that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" The Court concluded as a matter of law in its initial dismissal opinion that Keller's claim accrued on September 7, 2007, the date of the accident, that the limitations period expired two years later, and that the then-existing Ninth Circuit precedent, which held that the limitations period was jurisdictional, barred the Court from considering Keller's contention that the limitations period should be equitably tolled.

During the pendency of Keller's appeal, the Ninth Circuit held that the limitation periods of § 2401(b) were not jurisdictional and were subject to equitable tolling. <u>Kwai Fun Wong v. Beebe</u>, 732 F.3d 1030 (9th Cir.2013) (en banc). The

---

[2] Keller filed two administrative claims with the FHWA: one on behalf of herself as Amanda's surviving mother, and one in her capacity as the personal representative of Amanda's estate. In her Second Amended Complaint, Keller dropped her previous claims on behalf of the estate.

Supreme Court affirmed that holding. United States v. Kwai Fun Wong, 135 S.Ct. 1625 (2015). As a result, the Ninth Circuit reversed the Court's judgment of dismissal and remanded this action to allow the Court to consider Keller's equitable tolling argument.

The post-remand Second Amended Complaint ("SAC") (Doc. 54), which Keller brings pursuant to the FTCA solely in her capacity as Amanda Keller's surviving mother for purposes of Arizona's Wrongful Death Act, A.R.S. § 12-611 *et seq.*, alleges two claims. Count One is a claim for Negligence, which alleges that the United States negligently failed to comply with its own policies and federal law mandating that safety barriers installed on National Highway System ("NHS") roadways undergo crash testing and approval pursuant to the National Cooperative Highway Research Project Report 350. Count Two is a claim for Negligence Per Se, which alleges that the United States violated its own federally mandated safety rules and regulations by failing to install a crashworthy, appropriately tested, NCHRP Report 350 compliant median barrier.

Keller further alleges in the SAC that the FTCA's limitations period was equitably tolled as of September 7, 2007, the date of the fatal accident, and therefore did not commence running, "because misrepresentations by the Defendant caused Plaintiff to let the filing period lapse." Keller asserts in the SAC that the limitations period was tolled from Amanda Keller's death through April 28, 2009, the date on which Keller learned through the deposition of FHWA employee Richard Powers that the cable median barrier at issue was not Report 350 compliant and that the United States had negligently accepted the non-crash-tested cable median barrier design.

Keller is represented in this action by attorney John Leader, who has litigated

various state and federal lawsuits on behalf of plaintiffs alleging negligence related to the design of the three-cable median barrier at issue here.

Discussion

The United States argues that it is entitled to summary judgment on the equitable tolling issue because the undisputed facts demonstrate that Keller, through her attorney, had sufficient knowledge of its involvement with the design of the cable median barrier to have timely filed an administrative claim with the FHWA within two years of Amanda Keller's death.

Keller argues that the United States' summary judgment motion should be denied because her administrative claims were timely filed with the FHWA for purposes of § 2401(b), or alternatively that at the very least there is a disputed issue of fact concerning the timeliness of her administrative claims. Underlying Keller's liability claim is her contention that the United States negligently accepted incorrect crash-testing information to fulfill its own crash-testing requirement for the median cable barriers. The gist of Keller's position is that the limitations period should be equitably tolled through April 29, 2009 because the United States concealed until that date the material fact that a FHWA memorandum in September 2005, which stated that the design of the median cable barrier was Report 350 compliant and therefore crash-tested, was a misrepresentation inasmuch as the report was mistakenly based on test results for roadside barriers, a different type of barrier from the non-tested median cable barriers. Keller contends in her response that prior to the United States' alleged negligence being discovered during the April 29, 2009 deposition, her attorney "believed not that the FHWA negligently confused crash test reports, but that the State of Arizona misrepresented crash test compliance to the FHWA as part of Arizona's funding request."

There are no disputed issues of fact here. The parties' disagreements stem the legal interpretation of the undisputed facts.

A. Date of Accrual

Reading the SAC and Keller's response together, it is not absolutely clear to the Court whether Keller is contending that her claims did not accrue until April 29, 2009, or whether they accrued on December 7, 2007 but the two-year limitations period did not commence running thereafter until April 29, 2009. To the extent that Keller is arguing the former, the Court affirms its earlier determination that her claims accrued on the date of Amanda Keller's fatal accident. Federal law, not Arizona law, governs the date of accrual for purposes of § 2401(b), Landreth v. United States, 850 F.2d 532, 533 (9th Cir.1988), and under that law negligence-related claims accrue when the plaintiff knows of her injury and the immediate physical cause of the injury. Hensley v. Unites States, 531 F.3d 1052, 1057 (9th Cir.2008); Dyniewicz v. United States, 742 F.2d 484, 486 (9th Cir.1984). There is no dispute that the fact of Amanda Keller's death and the immediate physical cause of her death, *i.e.* that the vehicle in which she was an occupant crossed the roadway median through a cable barrier and crashed into an oncoming vehicle, were known on the date of the accident. For accrual purposes, it is irrelevant that Keller may then have been ignorant of the United States' alleged negligence involving the crashworthiness of the cable barrier. United States v. Kubrick, 444 U.S. 111, 123 (1979) ("We thus cannot hold that Congress intended that 'accrual' of a [FTCA] claim must await awareness by the plaintiff that his injury was negligently inflicted."); Hensley, at 1057 ("The plaintiffs' ignorance of the involvement of the United States employees is irrelevant to determining when their [FTCA] claim accrues.") (Internal quotation marks omitted.); Dyniewicz, at 486-87 (Case involved a FTCA-based wrongful death

action brought in part by the personal representative of the estates of two decedents who were killed when a flood swept their car off a highway in Hawaii; the plaintiffs learned more than two years after the accident that the negligence of National Park Service rangers might have been a cause of the accident. In affirming the dismissal of the case as time-barred because the administrative claim was not submitted within two years of accrual, the court concluded that for accrual purposes the plaintiffs knew both the fact of injury and its immediate physical cause, the flooded highway, at the time of the discovery of the decedents' bodies, and the plaintiffs' ignorance at that time of the involvement of federal employees was irrelevant since "[d]iscovery of the cause of one's injury ... does not mean knowing who is responsible for it.")

### B. Equitable Tolling of the Limitations Period

As a result of the accrual date, Keller's FTCA action is time-barred absent the propriety of staying the limitations period pursuant to the doctrine of equitable tolling from the date of the accident until two years prior to December 16, 2010, the date Keller filed her administrative claims. As the party seeking equitable tolling, Keller bears the burden of establishing two elements: (1) that she pursued her rights diligently, and (2) that some extraordinary circumstances prevented her from timely filing her administrative claims. Kwai Fun Wong v. Beebe, 732 F.2d at 1052. Although Keller states in her response that she is seeking equitable tolling based on concealment and not on due diligence and that "'[d]ue diligence' is not relevant" to her equitable tolling claim, she is mistaken as a matter of law. As the Supreme Court has made clear, both elements must be met for equitable tolling to occur: "[W]e have treated the two requirements as distinct elements in practice, too, rejecting requests for equitable tolling where a litigant failed to satisfy one without

addressing whether he satisfied the other." Menominee Indian Tribe of Wisconsin v. United States, 136 S.Ct. 750, 756 (2016). The Court concludes as a matter of law that Keller has not met either element of the equitable tolling doctrine.

(1) Due Diligence

The United States argues, and the Court concurs, that Keller has failed to establish the propriety of equitable tolling in part because the undisputed facts establish that Keller was not sufficiently diligent in filing her administrative claims. The gist of Keller's negligence claims in her SAC is that the United States breached its duty to have a crash-tested median barrier in place on the date of Amanda Keller's accident. Although the diligence required for equitable tolling is "reasonable diligence" and not maximum feasible diligence," Holland v. Florida, 560 U.S. 631, 653 (2010), Keller unreasonably delayed filing her administrative claims. This is so because her attorney John Leader, based on other cases he had litigated involving the same cable median barrier, had sufficient knowledge of the United States' possible involvement in the approval of the cable median barrier and that the barrier may not have been crash-tested long before the expiration of the two-year limitations period in this action. As a matter of law, Keller is considered to have notice of all facts known to her attorney. Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962) (Supreme Court noted that in our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.") (Internal quotation marks omitted); Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir.1989) (Parties "are considered to have notice of all facts known to their lawyer.").

There is no dispute about the following facts. John Leader represented the plaintiff in the state court case of DeVries v. State of Arizona, a wrongful death case

involving the same type of cable median barrier at issue here. In the trial of the DeVries action, which ended sometime prior to November 2006, conflicting testimony was presented regarding the FHWA's approval of the three-cable median barrier design and whether it was Report 350 compliant.[3] As a result of that testimony, Leader wrote a letter to the counsel for the FHWA on November 7, 2006, ten months before Amanda Keller's accident, wherein he requested documents pertaining to FHWA's position concerning whether the three-cable median barrier was deemed to be in compliance with the crash-testing requirement of Report 350 and whether it had been approved for use on NHS roads. Leader noted in that letter that "it is my understanding that to this day, this design has never passed Report 350 testing."

Keller wrote another letter to the FHWA's counsel on January 8, 2007, eight months before Amanda Keller's accident, wherein he, noting conflicting crash-testing information he had received through cases he had litigated, again requested documents from the FHWA regarding its position regarding Report 350 crash-testing of median and roadside barriers.

Leader wrote another letter to the FHWA's counsel on May 17, 2007, four months before Amanda Keller's accident, wherein he requested the deposition of a FHWA employee to determine whether the FHWA had deemed the three-cable median barrier design to be crashworthy and approved for use on the NHS. Leader stated in that letter that he represented the plaintiffs in four state court negligence actions involving the same three-cable median barrier, that it was the state's position

---

[3] There is no dispute that in the trial of the DeVries case, Douglas Head, a retired FHWA employee, testified that the state's design of the three-cable median barrier was not Report 350 compliant and had not been approved for use on NHS roads.

- 8 -

in those actions that the FHWA had deemed the cable barrier to be Report 350 crashworthy and appropriate for use on NHS roads, but that he, based on conflicting evidence, believed that the FHWA had not at any time deemed the barrier to be crashworthy.

On December 19, 2007, three months after Amanda Keller's accident, Leader filed a FTCA administrative claim with the FHWA on behalf of another client, Mark Melvin, who was injured in a cross-median crash on State Route 51 on December 21, 2005. Leader stated in that administrative claim that the three-cable median barrier that failed in Melvin's case had "allowed over 200 cross median collisions of Valley freeways." He further stated that there had been several other lawsuits against the state involving the same median barrier design, and that "[i]n defending these allegations, the State makes several claims that the FHWA has endorsed the subject design and that it (the State) relied on these alleged endorsements. If the State's allegations ... are true, the United States is partially at fault for the functionally inadequate barrier that was and is present on many State freeways, and partially at fault for Mr. Melvin's injuries." Leader concluded by reiterating in the administrative claim that the state's allegations, if true, "give rise to a negligent highway design claim against the United States."

On September 10, 2008, one year prior to the deadline for Keller to file her administrative claims in this action, Leader filed an FTCA action in this Court on behalf of Mark Melvin, <u>Melvin v. United States</u>, CV-08-01666-PHX-SRB. That complaint alleged in part that the United States was negligent in deeming the three-cable median barrier to be Report 350 compliant and approving it for use on NHS roads.

Moreover, another Judge of this Court has determined that as early as

November 2006, ten months before Amanda Keller died, John Leader had sufficient knowledge of the United States' role with the three-cable median barrier to bar the use of equitable tolling to stay the FTCA's limitations period. In Booth v. United States, CV-11-00901-PHX-SPL, a wrongful death action brought by Leader involving a cross-median accident on Interstate 10 involving the same three-cable median barrier as here, Judge Steven Logan granted summary judgment for the United States on the plaintiff's equitable tolling claim. In so doing, Judge Logan determined that the plaintiff, due to his attorney Leader's knowledge from other cases he had litigated, "knew no later than November 7, 2006 that FHWA had exposure to liability. He knew that there was conflicting testimony about the approval of the ADOT 3-wire median design and its compliance with Report 350."

It is clear to the Court that Keller has failed to establish that she met the diligence element of the equitable tolling doctrine because the evidence establishes that Keller, through the information her attorney possessed, could have timely filed her administrative claims within two years of Amanda Keller's death and that her delay in filing them until more than three years after her claim accrued was unreasonable.[4]

(2) Extraordinary Circumstances

The second element of the equitable tolling doctrine, which is the one Keller

---

[4] Although Keller states in her SAC that "[u]pon information and belief, Plaintiff Keller was unaware of the Melvin proceedings until around the time Keller's own Administrative Claim was presented [which was on December 16, 2010,]" this is disingenuous. The Court does not know exactly when Keller hired John Leader to represent her, but it was indisputably prior to June 11, 2008, which is when Leader filed a state court action on Keller's behalf stemming from Amanda Keller's fatal accident. Whatever accident-related information Leader possessed at the time Keller employed him is imputed to her.

- 10 -

focuses on, requires a showing that extraordinary circumstances beyond her control made it impossible for her to file her administrative claims on time notwithstanding her diligence. Menominee Indian Tribe, 136 S.Ct. at 756; Beebe, 732 F.3d at 1052. Keller argues that she has met this element by showing that the United States concealed material facts about its negligence, *i.e.*, facts related to why it deemed the design of the cable barrier to be acceptable. According to Keller, she could not have filed her action until she learned through the Powers deposition in April 2009 that the FHWA's September 2005 memorandum that stated that the cable barrier at issue had been crash-tested had negligently relied on the crash-testing of a different type of barrier and the cable median barrier at issue had not in fact been crash-tested. Keller further argues that she could not have learned of this negligence earlier because the United States, relying on the FHWA's Touhy-related administrative regulations[5], refused attorney Leader's timely requests in highway barrier-related state negligence cases to depose FHWA's employees such as Powers; Leader commenced those Touhy requests in March 2006.

The United States argues, and the Court again concurs, that equitable tolling is also not appropriate under the facts of this action because Keller has not established that extraordinary circumstances made it impossible for her to timely file her administrative claims. First, fraudulent concealment does not even come into play here because Keller had sufficient information prior to the expiration of the limitations period to enable her to timely file her claims.

---

[5] The Touhy regulations prohibit the unauthorized release of information by current and former federal agency employees and provide a procedure for centralized agency decision-making concerning how the agency will respond to a subpoena or other request for testimony or documents served on a current or former agency employee. *See* 5 U.S.C. § 301.

Second, the undisputed facts of record do not establish any fraudulent concealment by the United States. Fraudulent concealment requires a showing of affirmative conduct by the United States which would, under the circumstances of this action, lead a reasonable person to believe that she did not have a claim for relief. Gibson v. United States, 781 F.2d 1334, 1345 (9th Cir.1986). The mere fact that the United States knew prior to April 2009 that the cable median barrier had not been crash-tested and that it failed to disclose that knowledge does not, without affirmative misconduct on its part, constitute fraudulent concealment. Dyniewicz v. United States, 742 F.2d at 487 ("If the Government has been negligent, it has no general duty announce that fact to the world at large. There are no grounds for tolling the [FTCA's] statute of limitations based simply on the Government's knowledge of its own wrongdoing absent fraudulent concealment[.]") Furthermore, Keller's contention that the FHWA concealed, through misrepresentation in its September 2005 memorandum, that the cable barrier was not Report 350 compliant is not evidence of actual concealment sufficient to toll the limitations period given attorney Leader's knowledge prior to Amanda Keller's death that the cable median barrier may not have been crash-tested.

The fact that the United States, in accordance with applicable agency Touhy regulations, refused to make FHWA employees available for deposition for three years prior to April 2009 in cases in which the United States was not a party also does not as a matter of law constitute affirmative misconduct. The United States had the lawful right to prevent FHWA employees from testifying in state cases. *See* United States *ex rel.* Touhy v. Ragen, 340 U.S. 462 (1951) (Supreme Court held that a Department of Justice employee could not be held in contempt for refusing to comply with a subpoena duces tecum in an action in which the United States was

Second, the undisputed facts of record do not establish any fraudulent concealment by the United States. Fraudulent concealment requires a showing of affirmative conduct by the United States which would, under the circumstances of this action, lead a reasonable person to believe that she did not have a claim for relief. Gibson v. United States, 781 F.2d 1334, 1345 (9th Cir.1986). The mere fact that the United States knew prior to April 2009 that the cable median barrier had not been crash-tested and that it failed to disclose that knowledge does not, without affirmative misconduct on its part, constitute fraudulent concealment. Dyniewicz v. United States, 742 F.2d at 487 ("If the Government has been negligent, it has no general duty announce that fact to the world at large. There are no grounds for tolling the [FTCA's] statute of limitations based simply on the Government's knowledge of its own wrongdoing absent fraudulent concealment[.]") Furthermore, Keller's contention that the FHWA concealed, through misrepresentation in its September 2005 memorandum, that the cable barrier was not Report 350 compliant is not evidence of actual concealment sufficient to toll the limitations period given attorney Leader's knowledge prior to Amanda Keller's death that the cable median barrier may not have been crash-tested.

The fact that the United States, in accordance with applicable agency Touhy regulations, refused to make FHWA employees available for deposition for three years prior to April 2009 in cases in which the United States was not a party also does not as a matter of law constitute affirmative misconduct. The United States had the lawful right to prevent FHWA employees from testifying in state cases. *See* United States *ex rel.* Touhy v. Ragen, 340 U.S. 462 (1951) (Supreme Court held that a Department of Justice employee could not be held in contempt for refusing to comply with a subpoena duces tecum in an action in which the United States was

not a party when his compliance had been prohibited by an order of a superior acting pursuant to valid federal regulations governing the release of official documents.); 5 U.S.C. § 301; 49 C.F.R. Part 9. Keller does not cite to a single case permitting equitable tolling based on concealment when a federal agency properly invokes its Touhy regulations and the Court is not aware of any. Therefore,

IT IS ORDERED that Defendant United States' Motion for Summary Judgment (Doc. 58) is granted and that this action is dismissed as time-barred. The Clerk of the Court shall enter judgment accordingly.

DATED this 29th day of August, 2017.

Paul G. Rosenblatt
United States District Judge